Our second case for today is 413-0036 Greene v. Wood River Trust Company et al. For the appellant is Miranda Susi, you are she. And for the appellee is Michael Robb. Is that pronounced correctly, sir? Ms. Susi, you may proceed. May it please the court. Counsel. Today I'm here on behalf of Mitzi Greene to ask this court to reverse the order dismissing the plaintiff's cause of action in the trial court and remand this case to the trial court for further proceedings. There are a number of issues addressed in the context of the briefs, but today I'd like to focus on what I believe is the most salient, and that being whether or not the Snow and Ice Removal Act applies to the facts of this case. There are two main theories in the plaintiff's complaint that were filed in this case, negligence and willful unwanted. And essentially the facts are as follows. The plaintiff was walking down the walkway towards the entrance of her condo, which she rented from the defendants in this matter. Where is this located? This is located at a condo in Northwest Champaign. Okay. Okay. As she was walking down that walkway, she encountered a patch of ice. And the plaintiff alleges that that patch of ice was created as the result of improperly maintained or installed gutters, downspouts, and an overhang in that area. As she encountered that patch of ice, obviously she slipped, she fell, and then she injured herself, and that is how we were brought to the trial court in this matter. There is simply no allegation contained in the complaint that the defendants were engaged in snow or ice removal, or that the patch was caused to be there as a result of their efforts or omissions in snow or ice removal. This matter was brought to this appellate court as the result of an order dismissing the plaintiff's cause of action under a 615 motion to dismiss. Taking the facts as well pled, as is the standard in the trial court, there is simply no way that under the plain language of the act, the Snow and Ice Removal Act, that plaintiff's cause of action should have been dismissed. And I'd like to address the plain language, if I might, at this point. The plain language of the Snow and Ice Removal Act essentially says that the defendants in this matter, or in any matter that involves the attempt to remove snow or ice from sidewalks at a residential property, shall be immune from liability except for willful wanton conduct. The operative terms that I'd like to focus on today in the act are due to the efforts in the removal of ice or snow. An injury caused by the acts or omissions in the removal of ice or snow. There is simply nothing in the allegations of the complaint, which is all we have to rely on in this matter, that leads anyone to believe that the facts of the complaint apply to the efforts or acts or omissions in the removal of ice or snow. Everything in the complaint involves building construction, essentially. Well, just so we're clear, procedurally, the defendant filed both 2619 and 2615 motions? I think that was a little unclear in the trial court. There was actually nothing in the brief that mentioned 2615 and 2619. And when we got to the trial court and began our... So it was just the judge, we move to dismiss, you figure out the grounds? The trial court asked for clarification on that point. And defendants indicated that it would be a 2615 motion. The plaintiff attempted to file affidavits in response to... Did the judge then ask the defendant what the affirmative matter was that would bring this within section 2619? Essentially, yes. And that would have been the Snow and Ice Removal Act. Okay. So the immunity, he alleges, was conferred upon the defendant by that act? Correct. Okay. And what was your response? My response was this matter, based upon the facts being improper maintenance or improperly installed gutters and downspouts, has nothing to do with efforts, acts, or omissions in the effort to remove snow or ice. The complaint made no reference to any removal of snow or ice or efforts to do that by the case that bring us to appeal that even involve efforts in snow and ice is essentially a contract between the defendant and their agent to remove snow and ice. So procedurally, the only pleading that called to the attention of the trial court any effort to remove snow and ice and the act, the Snow and Ice Removal Act, was the defendant's motion? Correct. Now, on a 2619 motion for an affirmative defense, you're entitled to present affidavits or other matters in support thereof. Correct. The only thing that they presented was a contract between the defendants and a person named Jason Oakes for the removal of snow and ice. And that by itself does not provide us any facts that someone was out So they had a contract that they were going to do that? Correct. But there's nothing to indicate that anything of that nature was done in relation to the injury your client suffered? Correct. The other issue that came up in the trial court with regard to the plaintiff's allegations relating to the gutters was there was a statement at one point that the gutters themselves were not dangerous and they were like virtually every other gutter in this town. And there's simply absolutely no fact contained within either the motion to dismiss or the plaintiff's complaint that could have led the trial court to come to that conclusion in this case. Essentially, based upon that statement and other statements that were made in the ruling, plaintiff's complaint was not taken as well pled. There were outside circumstances that were not contained within the briefs or the complaints that were taken into account leading to this order being entered. Procedurally, this was a little odd because there were three complaints. The initial complaint, first amended and a second amended. Correct. The first complaint, the original complaint, was dismissed per 2619 and that was because the trial court found that the snow and ice removal act barred the negligence claim. Correct. Allowed your client to replead Wilflin-Wanton, which would have been an exception to the immunities under the snow and ice removal act, probably something you didn't particularly want to do because you felt that there was a negligence cause of action and that the snow and ice removal act did not apply. The trial court found that the allegations of Wilflin-Wanton conduct were insufficient, dismissed. The third complaint, the second amended complaint, then was a reassertion of the original negligence action. I'm going to ask you about that here in a second, as well as repleting the Wilflin-Wanton, but essentially reasserting the Wilflin-Wanton conduct in an identical way as the first amended complaint. Correct. Okay. Were you simply getting it ready for an appeal, then? I understood because of the trial court's comments in the prior order that if I was not able to get the information that he wanted me to get, that was the next step. Okay. What was that information you think he wanted you to get? Essentially on the Wilflin-Wanton count, he wanted me to be able to plead on behalf of my client that the defendants knew someone had fallen in this area before and that they knew it was dangerous and didn't do anything about it. So the dismissal of the original complaint was per 2619. When you get to the second amended complaint, which is basically putting it all back together again and you have the negligence counts as well as the Wilflin-Wanton counts, the motion to dismiss was granted per 2615, correct? Correct. So there hasn't, if the court were to remand this on the negligence counts, say it accepted your argument that the Snow and Ice Removal Act didn't apply to bar the negligence claims, it wouldn't be that there has already been a complaint that has withstood a 2615 challenge as to the sufficiency of the factual allegations relating to the negligence cause of action. The trial court didn't grant the dismissal of the negligence claim because it was factually insufficient, which would be a 2615 challenge. Correct. In fact, it was a 2619 dismissal. Is that fair? It was initially, but with regard to the second amended complaint, which brings us here, I believe that the trial court dismissed the entirety of the complaint on a 2615. Nominally denoted a 2615 dismissal, but in fact it was essentially dismissing based on the original grounds of this being affirmative matter that negated the cause of action. Correct. Okay. So maybe it shouldn't have been called a 2615 dismissal of the negligence claim. Is that right? Probably. Okay. It was a little... Did the defendant, with regard to your second amended complaint, did he call this a 2615 motion to dismiss, or was that the court saying, what is it this time, or what happened? As I recall it, and I may be recalling it incorrectly, when we went to the trial court to argue, there was a question of what type of motion it was, and at that juncture... Again? Still? I mean, when the motion to dismiss was filed with regard to the second amended complaint, it still wasn't entitled what the grounds were? I think it may have been at that point, but... But you don't recall? I don't recall off the top of my head. Yes. Okay. But for the Snow and Ice Removal Act, let's get back to the substance of the negligence claim here and the dismissal. But for the Snow and Ice Removal Act, the common law in Illinois is and has been that if an unnatural accumulation of snow and ice is caused by a defective condition of the property, as opposed to, let's put it aside, snow and ice removal efforts, there can be a negligence cause of action stated? Correct. And that's what leads me to probably the best case in this situation, in the appellate courts, that helps us. There's not really a lot of guidance on this particular issue, but I think Ordon, out of the 3rd District, it's a 94 case that I cited in my brief, is probably the most closely related. And as you are aware, the Snow and Ice Removal Act comes from 1979. So in this case, they don't even talk about the Snow and Ice Removal Act. But essentially, a plaintiff slipped on ice next to a garage door. The plaintiff was a tenant. There were no gutters and downspouts, and there was allegations of a natural accumulation. In Ordon, the court found that the plaintiff had a negligence cause of action because the landowner had failed to maintain the building or structure, causing water runoff into an and injured herself. I think that's the most closely related case to the matter at hand here. So if this case comes back to trial, if we were to agree with you and reverse and remand it for trial, I take it your position is, since you've based your complaint upon the structures and how ice and water or snow came off of them, whether efforts were made to remove snow or not wouldn't even be relevant? It could be relevant. I'm not saying it isn't relevant, but obviously we were here on a motion to dismiss, so we didn't even get into the discovery process yet. There certainly could be facts that could be adduced during the discovery process that could make it relevant. But you, at this point, have no intention to introduce that evidence on behalf of the plaintiff, because what's it do for you? Correct. Now, obviously, under the Snow and Ice Removal Act, in the cases, especially Divis, the Snow and Ice Removal Act is an affirmative defense. They can plead it as an affirmative defense, and if the facts come out that... But I take it at trial, it would be your burden to establish by preponderance of the evidence that, probably through, I guess, expert testimony, the nature of these structures where she walked was such as to cause this unnatural accumulation, and that was negligence, breached her duty, etc. Correct. And that's what you want to do back on retract? That would be my goal, yes. And obviously, in terms of construction, I would need an expert to talk about that. But I'm certainly willing to concede that there are certain facts that could come up in discovery. It's going to be hard to do, counsel, to prove that. It could be. But that's why it's the plaintiff's burden. You want the chance. Yes. Essentially, Your Honors, this is a situation where I believe that the correct course of action should have been that the Snow and Ice Removal Act should have been implied as an affirmative defense. Discovery should have been allowed. And the Snow and Ice Removal Act should have been used as a shield as opposed to a sword. I understand that the Snow and Ice Removal Act was enacted to protect landowners, but it certainly was not enacted to get rid of judicial fairness and to get rid of every slip-and-fall case that ever existed on a residential property. This is a situation where, clearly, under the Ordom case, the plaintiff should have been allowed to engage in discovery. There are certain procedures, obviously, down the line that could have dealt with other issues as they arose, but essentially, we were a little bit premature. And I would ask that this court reverse the order dismissing the plaintiff's negligence and will phone Wanton Counts and remand us for further proceedings in the trial court. Any further questions? I do have a further question. You based your argument or focused your argument strictly on the initial point of error, which was that the trial court erroneously found the Snow and Ice Removal Act apply. Another contention you make, though, is that the trial court erred in cutting off your efforts to engage in discovery prior to the hearing on the last motion to dismiss. Were your discovery efforts simply to obtain further information to support the Wilflue and Wanton allegations? Correct. Obviously, if we were going to engage in a 2-6-15 or a 2-6-19 motion, expert discovery is far down the line, but in terms of the information that the judge wanted me to obtain in order to prove or plead that someone else had fallen there and that they knew about that and that they knew that the area was dangerous and did nothing about it. I had half of that, but I didn't have any information that someone else had fallen there. Obviously, without any additional discovery, I couldn't get that information. Following up on Justice Harris's question, though, is my inference correct that this Wilflue and Wanton stuff is not something you really want anyway? You were forced to do it, but you'd be real happy with a reversal and go back and hear the negligence count? I firmly believe that the Snow and Ice Removal Act does not apply to the facts of this case. I think that's the most salient issue. I think there were issues in terms of the Wilflue and Wanton count as it was, but I think and believe essentially that that first issue is where we're at. If we can answer that question, yes. So you want a trial on the negligence count? I would like a trial on the negligence count. Okay. Thank you, counsel. Any further questions? Thank you. Mr. Robb? Okay. May it please the court, counsel? My name is Mike Robb. I am here representing all defendants. Prior to the enactment of the Snow and Ice Removal Act, if a client had approached me and asked me, on a residential property, and asked me, well, what should I do to avoid getting sued for slips and falls on snow and ice, I would say do nothing. You get a foot in snow, don't touch it. You get in an ice storm, don't touch it. So long as it remains a natural accumulation, you're not going to get sued. That is clearly the law, and the legislature wasn't happy with that. So they passed the Snow and Ice Removal Act to encourage residential property owners to clean off snow and ice from sidewalks abutting residential property, and to do so, they limited liability to willful and wanton misconduct. That act went into effect in 1979. The act, as read, is completely indifferent as to how the ice and snow gets there. It does not make any reference to natural accumulation, unnatural accumulation, or anything else. I think we can presume that the legislature was aware of the natural-unnatural accumulation rule before they enacted this statute, and enacted it to create an exception, or to repeal that rule with regard to sidewalks abutting residential property. So is it your position that the Snow and Ice Removal Act repealed the common law negligence that existed for unnatural accumulations? It does, Your Honor, with regard to its scope. And its scope is kind of limited. It doesn't apply to commercial premises. It doesn't apply to municipal premises. It only applies to residential premises. It was narrowly constructed to solve a problem the legislature thought existed. And, Counsel, what portion of the act do you believe specifically outlines your position? Well, the act itself is fairly brief. It's not like one of these acts where you have multiple subparts. But it speaks in terms of acts or omissions. And I believe the best outline of how this act should be interpreted can be found in the 2011 decision in the Piskofsky case, which is very, very similar to the case before the Court now. In that case, the plaintiff was a tenant in a condominium, I believe, up in the Chicago area. The condominium association, as here, had a contract for snow and ice removal with, I believe, several companies. However, this contract, according to the plaintiff's allegations, did not cover a specific area. The plaintiff apparently fell on like a back stairway or something like that, not the major entrance to the house. And according to the allegations in Piskofsky, the snow or ice she fell on came from a melted pile of ice or melted pile of snow which had been piled up from the snow removal efforts. In that case, the plaintiff, as here, claimed the Snow and Ice Removal Act does not apply because there was no evidence that the property owner tried to remove this particular section of ice where she fell. The court in Piskofsky rejected that, and they held that so long as the evidence showed that the property owner had a reasonable plan for snow and ice removal in place, the fact that they didn't attempt to remove snow and ice in a particular place did not take them outside of the act. In other words, the court said they were not going to micromanage the landlord's Snow and Ice Removal Act as long as he made a reasonable effort. Well, they didn't actually use those words, that we're not going to micromanage. They did not use those words. That is kind of my interpretation of why they did it. And that seems to be a rather broad interpretation. Isn't it correct that in that case, basically, you had mounds that were formed due to removing snow and ice from other areas. They were placed in a different area, and the plaintiff fell as a result of those mounds that they omitted, an omission. They didn't do anything with the mounds of snow that caused her accident. That's essentially correct. But under the natural-slash-unnatural accumulation analysis, this could well be construed as an unaccumulation because the ice may not have been there except for the fact that someone had created these huge snow piles which had melted and refroze. Well, of course, in this case that we're talking about, we know that there were actual removal efforts going on related to the plaintiff's accident. What removal efforts were going on in the case here today? There is nothing pled. Again, Your Honor, we are here on the pleadings. We did not engage in any discovery whatsoever. So we do not know, as far as the record goes, and I don't know personally whether any ice and snow removal efforts took place within some period of time. But I think the distinction by the Pecosi court is a logical one, and it does implement the intent of the statute. The statute, like a number of statutes you see these days, also contains a prefatory intent by the legislature of what they intended to do. I realize that doesn't, if it conflicts with the actual language of the statute, the court construes the statute, not the intent. Counsel, you heard my question of Ms. Susi about the pleading procedures in this case, and you just made some reference to it yourself. I want to ask about your motions here. Your initial motion was a 2-6-19 motion. It was a 2-6-19 because I wanted to attach the affidavit or the information concerning the contract we have for snow and ice removal. And it asserted the affirmative defense of the Snow and Ice Removal Act. I don't know if I would characterize it as an affirmative defense, but I asserted the Snow and Ice Removal Act required. That was the affirmative matter upon which you relied. Right, affirmative matter. Now, you also filed a 2-6-15 motion at some point? Right. After the court first set forth the parameters and required the plaintiff to plead willful and wanton, the plaintiff in the First Amendment complaint attempted to plead willful and wanton. I attacked that pleading with a 6-15 motion, attacking the sufficiency of the allegations. The third motion, it was a little sloppy, I will admit. It was clear at that point that the plaintiff was just setting this up for an appeal and wanted to have both the negligence and willful and wanton counts. I filed a rather— Well, let me ask this question, following up on the question Justice Sarris asked of Ms. Susi. This court recently, over the last couple of years, has had occasion to write extensively of the difference between these two motions. 2-6-15 is a so what motion where you examine the complaint on its face and you're not permitted to consider anything else. Right. Examining the negligence count on its face, has there been any ruling by the trial court as to whether or not that count was deficient? No, there was not. On the negligence count, the court simply ruled you can't plead negligence since you must plead willful and wanton. Okay. So, the basis of the dismissal is your 2-6-19 claim that the Snow and Ice Removal Act grants immunity to the defendant in this case. Except for willful and wanton. Except for willful and wanton, which you say wasn't sufficiently stated. Right. Well, here's the question I have. In order to argue immunity in the Snow and Ice Removal Act, don't you have to claim, don't you have to assert that the plaintiff is claiming that the snow and ice that were involved in this case caused the injury were in place because of efforts to remove it? I don't believe so. I believe that is, if you read the exact language of the act, and in light of the legislative intent, I believe the Bukowski case is an appropriate way of determining whether an effort was made to remove snow and ice. Let me restate my question. In other words, let's assume for the moment that Misussi is pled that because of a design of the premises, construction of the premises, there was a natural accumulation of snow or ice that caused the injury. And there had been no contract, no effort made by you, your client, to remove snow and ice. Would a complaint fail? No. I think if the evidence in the case showed a complete absence of any attempt to deal with snow and ice, I think there would be very good arguments that the Snow and Ice Act doesn't apply. Well, as recently as 2004, I looked into this. There's this second district case which said that property owner may be held liable for injuries as a result of falling on ice or snow that has accumulated where the accumulation is unnatural due to the design and construction of the premises. The construction and maintenance of a landowner's property matters within his control. Therefore, it's not imposing him a new burden on the landowner to require him not to add to the difficulties of facing Illinois residents from natural accumulation of ice and snow by permitting unnatural accumulations due to defective construction or improper or sufficient maintenance of the premises. So that's as recently as nine years ago. The second district reiterated this longstanding law about if you've got bad construction that results in a natural accumulation of ice and snow, the plaintiff may have a cause of action. Well, I agree, Your Honor. If it were not for the Snow and Ice Removal Act. So the Snow and Ice Removal Act grants immunity to a defendant who, let's assume, and I think we have to assume this. We have to assume all well-pleaded facts. Let's assume, Ms. Susi is correct, your client's construction of his building was defective. And let's assume further that your client's defective construction permitted pooling of ice and snow in a dangerous condition, and that's where her client fell. And she would have a cause of action but for your claim that the And if your client made any effort to remove snow and ice, he's immunized. Is that your position? That's my position. Even though it had nothing to do with her claim about efforts to remove snow and ice, it's still just based upon defective construction? The statute itself seems to be completely agnostic about how the ice and snow got there. It talks about two substances, ice and snow. It talks about where those substances appear, sidewalks, abutting residential property. If those characters, if those two requirements are met, the act applies. So we would have to infer that the legislature, by enacting the Snow and Ice Removal Act, decided that they also wanted to, in effect, abolish the unnatural accumulation cause of action due to defective construction as long as any effort was made by the landowner to remove snow and ice, even if it had nothing to do with the spot where the plaintiff fell. I think the legislature wanted to avoid these inquiries and make it a very, very simple test in these limited circumstances. Snow and ice, residential property, sidewalk abutting residential property. It's a very narrow exception. I think the court wanted to simplify, make the law very clear under these narrow circumstances. Well, they could have done it by adding to the act, which you say isn't very long, by saying, and by the way, the unnatural accumulation cause of action due to defective construction is abolished if snow removal attempts are made. That would have solved the problem. They could have. I guess any time you're considering an act, you always wish the legislature had been a little more specific. But I think that's what you're arguing they intended to say. I'm arguing that if we're talking about snow or ice, if it's a sidewalk abutting residential property, the requirements of the act are met and it should be applied. And if there was a plan in place to remove snow and ice. By the way, just with regard to the 2619 affirmative matter here, don't you have to plead and prove and establish that in fact, snow and ice removal efforts were utilized in this case in order to bring yourself within the immunity conferred by the act? I believe, no, I don't believe. I have to show that a guy was out there a week before a day before. I believe what I have to show is we had in place a plan to deal with snow and ice. What is the basis of that claim? The base of that claim is the, the, the, the Peskovsky case in which the very same arguments were made by the plaintiff in that case, that there was no attempt to remove the specific area of snow and ice upon which he fell. Mr. Rob. So, and I, I do want to focus on Peskovsky here for a bit because factually that case is distinguishable from this case. Justice Holder White indicated that there were snow and ice removal efforts in other parts of the location that resulted in the snow and ice where the plaintiff fell in that case absent in this case. But let's talk about the removal efforts and what the, the first district in passing found to be removal efforts. And I think we need to emphasize it's called the snow and ice removal act, not the snow and ice act. So in the preamble to the act the legislature indicated that they found it undesirable for any person to be liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks. In Peskovsky you're honing in on some language where the first district found that contracting with a third party for the snow and ice removal constituted removal efforts. Here the contract for snow removal was entered into maybe in October of 2009? It was before the snow and ice weather, right. Okay. The accident, the slip and fall occurred in February of 2010. So we're talking about months after the contracting, no evidence on the plating at the plating stage that there were any actual physical snow and ice removal efforts. Do you really believe that simply contracting for the removal of snow and ice constitutes a removal effort under the act? The contract which was attached to the original motion to dismiss was in effect over this period of time. Maybe they breached it. Maybe they never showed up. Well, again, I don't know. So you're saying the legislator basically said, we want you to enter into these agreements. We don't care if you actually undertake the task of removing the snow and ice or attempting to remove it. Just enter into the contract and you're covered. Well, I think the legislature, by statement of intent, wants property owners to try and do something. What if I told my 13-year-old, okay, for you to get your allowance, you've got to shovel the walk whenever it snows. Have I now immunized myself from any negligence claim because I entered into a contract with someone for the removal of snow and ice? Well, I believe a contract or an agreement between a prophet. I can guarantee you that there would be no snow and ice removal. We're in the majority age yet, so that might be an issue. Well, Mr. Rob, addressing this seriously, this is a serious matter. You're trying to non-suit the plaintiff on a claim that the snow and ice removal act applies, and it appears to me that you haven't crossed the threshold of demonstrating that any effort was ever made. The fact that you have a contract, which is a statement between the defendant and some third party that, yeah, we have an intention. Trust us, we're going to do this. They might have breached this. Who knows what might have happened. I mean, don't you have to provide an affidavit or some support to your claim immunity actually occurred? Your Honor, I think if you take that approach, you're largely undoing what the legislature attempted to do. In every case where there is a slip and fall on residential snow and ice, we're going to get into the same natural accumulation. No, no. How about just an affidavit from the guy who said, yeah, I went up to where this condominium was, and I removed snow and ice on X date, whatever it was, a month beforehand. I've heard him say that a bit. But then again, you're having to decide, or somebody is having to decide on a motion to dismiss, well, was that adequate or should they have done better? Should you have called them out a little bit sooner? Should they have put a little more salt on? That's what the legislature- Well, at least we'd have evidence before us in an affidavit that some effort was made, as Justice Harris points out, the Snow and Ice Removal Act, some effort was made to remove it. At this point in the pleadings, I don't see that we have anything other than a statement, an aspiration of this is what you intend to do, perhaps, if it's convenient. And the Peskoski court held that that was sufficient. No, in Peskoski, there was no question but that efforts were made. Isn't that clear on the pleadings? Well, in Peskoski- Someone made efforts to remove the snow. We know at some point piles of snow were created. But that didn't address the specific claim of the plaintiff in that case, that you didn't clean the snow and ice where I fell. But before we get to the plaintiff's complaint, we have to hear from the defendant, who's asserting the Snow and Ice Removal Act defense, that snow and ice removal efforts were made. In Peskoski, clearly that was the case, wasn't it? At some point, it was made, but it doesn't- And that was before the court in that case, wasn't it? Right, right. And it's not before the court here that anyone tried to do anything. We have before the court in this case that we had an arrangement made that if a certain amount of snow and ice were to be present, the contractor would come out and deal with it. And I believe that is what the legislature intended to do to make things relatively simple, relatively straightforward, without getting into this unnatural accumulation analysis. The unnatural accumulation analysis, that may be wonderful for lawyers to debate, but you go into the Illinois Digest, there are pages and pages and pages discussing, is this natural, is this unnatural? I think the legislature intended to make it very, very simple under this very limited set of circumstances. Thank you, counsel. Your time is up. Ms. Susi, any rebuttal? Did you make a challenge, by the way, at the trial level to Judge Jones in saying, what's with this affidavit stuff that doesn't establish nothing? I believe there was some discussion of it. I don't think it was as big of a deal as we are making it today. I'm making a big deal. I don't understand what we have here. No, I agree. And one of the first things Mr. Rob said when he got up here is he used to advise me, and I think if we take his argument that just by having a contract to remove snow that the person then can do nothing and be immune, I think that's absurd compared to what the legislature intended. One of the things that he also mentioned was that the Snow and Ice Removal Act is indifferent as to how the snow or ice got there, and I don't think that's the case. I think there's really two prongs. I think the first is that there were actual efforts made to remove the snow or ice, and the second being, and I want to focus on 75-2, the property owner shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk, and here's where it gets important, resulting from his or her acts or omissions, unless the alleged misconduct was well forewarned. It's not indifferent as to how it got there. It's absolutely not. The snow or ice, in order to be removed, had to be caused by the acts or omissions, and quite simply in the complaint that was filed in this matter, there's no allegation that leads us to believe that, A, they ever did anything to remove the snow or ice, and, B, that the ice got there because of the acts or omissions, and I think that's where we get into the distinguishing factors in Petkovsky. First of all, that was a summary judgment case, so clearly they had a lot more information that we are privy to here, but in that case, there were actual allegations and evidence that the snow plowing was engaged in, and that that snow plowing caused the snow mounds, which then led to the condition of the ice around the snow mounds, which then led the plaintiff to encounter the ice and fall. The efforts in the snow and ice removal actually caused the condition that the plaintiff fell on, and that's just, there's no facts in this case that are similar to that. The facts in this case are related to building construction, building maintenance, and in fact, the defendants did nothing. Their own agent, the person that they contracted with to maintain this area, stated that there was problems with the gutter, and that's alleged in the complaint, and then they did nothing. He stated that there was problems with the gutter in this exact area that was causing leaking down onto the sidewalk, and they did nothing, and that's exactly the reason why I'm asking this court to remand and allow the negligence cause of action to stand so that we can go and do discovery and get a trial on the negligence count. The Snow and Ice Removal Act simply does not apply to these facts. Okay, thank you, counsel. We'll take this matter under advisement and be in recess.